Argued and submitted June 1, reversed and remanded July 6, 1994

James BRANDES,
dba Sunset Landing,
*Respondent,*

*v.*

Bill SHELLEY
and Ruth Fowler,
*Appellants.*

(930452; CA A82217)

877 P2d 670

Alice Warner argued the cause for appellants. With her on the brief was Oregon Legal Services Corporation.

Vance M. Croney argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Defendants appeal from a summary judgment entered in favor of plaintiff in this forcible entry and detainer action. We reverse and remand.

The parties have stipulated to the material facts. Plaintiff owns and operates a trailer park. Defendants live in a 32-foot trailer, located in a space that they rent from plaintiff. The trailer was built in 1959. Although it was not identified by the manufacturer as a recreational vehicle, since 1984 it has been registered with the Department of Motor Vehicles as a recreational vehicle. On January 3, 1993, plaintiff delivered to defendants a 30-day, no cause written notice to terminate the tenancy. When defendants failed to vacate the premises within the 30 days, plaintiff filed this action for forcible entry and detainer, seeking removal of defendants and their trailer from the rented space.

Defendants moved for summary judgment, on the ground that plaintiff had failed to provide them the notice required by the Residential Landlord Tenant Act. According to defendants, ORS 90.905 requires that tenants renting space for "manufactured dwellings" must be given at least 180 days' notice, and the undisputed facts indicate that they rented space for a "manufactured dwelling." Plaintiff filed a cross-motion for summary judgment, on the ground that defendants had rented space for a "recreational vehicle" and, therefore, are exempt from the extended notice requirements of ORS 90.905.

The trial court held that defendants' trailer was a "recreational vehicle," which it concluded was not subject to the notice requirements of ORS 90.905. On that basis, it denied defendants' motion, granted plaintiff's motion, and entered summary judgment for plaintiff. On appeal, defendants assign error to those rulings.

We review summary judgments to determine whether the moving party has demonstrated that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). In this case, the facts are not in dispute. The sole issue is whether

defendants' trailer was subject to the notice requirements of ORS 90.905.

ORS 90.905 provides, in relevant part:

"When a dwelling unit * * * consists of space for a manufactured dwelling * * * the landlord may terminate * * * without a cause specified in ORS 90.400 by delivering a written notice of termination to the tenant not less than 180 days before the termination date stated in that notice."

The statute defines "manufactured dwelling" by reference to *former* ORS 446.003(25)(a)(A) (renumbered ORS 446.003-(26)(a)(A) in 1993), which defines the term as

"a structure constructed for movement on the public highways that has sleeping, cooking and plumbing facilities, that is intended for human occupancy, that is being used for residential purposes and that was constructed before January 1, 1962."

That section further provides that "manufactured dwelling" does *not* mean "any unit identified as a recreational vehicle by the manufacturer." *Former* ORS 446.003(25)(b) (renumbered ORS 446.003(26)(b) in 1993).

The parties agree that defendants' trailer falls within the definition of "manufactured dwelling" as set out in ORS 446.003(25)(a)(A). The parties also agree that defendants' trailer was not identified as a recreational vehicle by the manufacturer. Plaintiff nevertheless maintains that the notice requirements of ORS 90.905 do not apply. According to plaintiff, the notice requirements of ORS 90.905 apply to "manufactured dwellings," and do not apply to "recreational vehicles." Because defendants' trailer is a "recreational vehicle" within the meaning of another statute,[1] plaintiff contends, ORS 90.905 is inapplicable in this case.

---

[1] ORS 446.003(36) defines "recreational vehicle" as

"a vehicle with or without motive power, which is designed for human occupancy and to be used temporarily for recreational, seasonal or emergency purposes, and has a gross floor area not exceeding 400 square feet in the set-up mode and as further defined, by rule, by the director [of the Department of Consumer and Business Services]."

The director has further defined "recreational vehicle" by administrative rule. *See* OAR 918-650-005(18).

Plaintiff's argument rests on the faulty premise that the statutory definition of "manufactured dwellings" excludes all types of dwellings that can be categorized as "recreational vehicles." That is not what the statute says. The starting point for interpretation of statutes, and the best evidence of what the legislature intended, is the text of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or. 606, 610, 859 P2d 1143 (1993). In this case, the text states that any unit "identified as a recreational vehicle by the manufacturer" is not a "manufactured dwelling" within the meaning of ORS 446.003(25)(a)(A). Under the statute, the manner in which the vehicle is identified by the manufacturer is a key to determining its character. If a dwelling meets the requirements of the statutory definition of "manufactured dwelling," that is what it is, unless the manufacturer identifies it as a recreational vehicle. Plaintiff's proposed construction of the statute would require us to ignore that language and to redefine "manufactured dwelling" to exclude any unit that is, in fact, a "recreational vehicle." If the legislature had desired to define "manufactured dwelling" in that fashion, it could have done so. It did not, and it is not for us to rewrite the language of the law as plaintiff suggests. ORS 174.010.

Because it is undisputed that defendants' vehicle is a "manufactured dwelling" within the meaning of ORS 446.003(25)(a)(A) and that it does not satisfy the requirements for the exclusion contained in ORS 446.003(25)(b), it was subject to the 180-day notice requirement of ORS 90.905. Because it is further undisputed that plaintiff failed to provide 180 days' notice to plaintiffs, the trial court erred in denying defendants' motion for summary judgment and granting plaintiff's motion.

Reversed and remanded.